SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**JULIA JARRETT**
Assistant United States Attorney
Julia.Jarrett@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00426-AB-9** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **FERNANDO LOMBERA GONZALEZ,** | |
| **Defendant.** | |

Despite a prior conviction for methamphetamine trafficking, the defendant returned to the same criminal conduct, demonstrating a continued disregard for the law and for the harm methamphetamine inflicts on individuals, families, and the community. The Court's sentence should reflect the seriousness of the offense, promote respect for the law, provide just punishment, and protect the public from further crimes.

The government agrees with the guideline calculation and criminal history computation as outlined in the PSR. The parties do not have any factual disputes with respect to defendant's conduct. The government recommends a sentence on the low-end of the guideline range followed by five years of supervised release and a $100 fee assessment.

# I. FACTUAL BACKGROUND

## A. The Offense Conduct

In late May 2024, a DEA confidential source ("CS") contacted defendant and ordered approximately 1,350 grams of methamphetamine, roughly equivalent to three pounds. Defendant and the confidential source agreed to meet in Woodburn, Oregon, on June 1, 2024.

After meeting in Woodburn, defendant told the CS they would need to go to Salem to get the drugs. Defendant and the CS travelled together from Woodburn to Salem and arrived at a parking lot. DEA investigators watched defendant exit the vehicle and get the drugs from his source in a second vehicle. Defendant then returned to the CS's vehicle and provided the CS approximately 1,377 grams of methamphetamine in exchange for money.

Defendant was not immediately arrested. Instead, a federal warrant was issued in November 2024. Defendant was encountered by police at a traffic stop on January 18, 2025. He provided a false name, but he was still taken into custody on an outstanding warrant in a Marion County case for being a felon in possession of a firearm. Following that conviction, he was brought into federal custody in this case.

## B. The Charges

Defendant is charged in Count One of the Indictment with Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. On November 13, 2025, defendant pleaded guilty to Count One of the Indictment.

Defendant is also charged with Count Seven of the Indictment. Pursuant to the plea agreement, the government will move to dismiss this count at the end of sentencing.

## II. GOVERNMENT'S RECOMMENDED SENTENCE

| **Plea Agreement Terms: Count One of the Indictment** | |
|---|---|
| 30 | BOL |
| -3 | USSG § 3E1.1 |
| -1 | 18 U.S.C. § 3553(a) |
| =26 | CHC III, range of 78-97 months |
| Low end | Government's sentencing recommendation |

The defendant stands before the Court having once again chosen to profit from the distribution of a dangerous and highly addictive controlled substance. In this case, defendant acted as a middleman for a large-scale drug trafficking organization in the Salem area, facilitating the distribution of methamphetamine into the community. His conduct was not an isolated lapse in judgment, but rather a deliberate decision to reengage in drug trafficking after having already experienced the consequences of a prior conviction.

After his prior conviction, he was removed to Mexico. Instead of building a lawful life for himself, he unlawfully returned to the United States and resumed a life of criminal activity. His return was accompanied not by efforts at rehabilitation or productivity, but by further involvement in drug trafficking and additional criminal conduct. He racked up another warrant and a separate felon-in-possession case arising from an incident in which he discharged a firearm into the air outside a nightclub. Taken together, these actions reveal a pattern of persistent criminal behavior and a continued disregard for the law. They demonstrate an ongoing willingness to engage in dangerous conduct that threatens public safety.

Defendant's history and characteristics make clear that prior interventions have failed to deter him. Neither a felony drug conviction, nor removal from the United States was sufficient to dissuade him from returning to the very conduct that brought him before the Court before.

The Court's sentence should reflect the seriousness of the offense, promote respect for the law, provide just punishment, and protect the public from further crimes. In consideration of

all these factors, along with defendant's willingness to resolve this case early, the government recommends a sentence on the low end of the guideline range followed by a five-year term of supervised release, subject to the standard conditions, and a $100 fee assessment. Such a sentence is sufficient but no greater than necessary to fulfill the objectives of sentencing.

There is no forfeiture or restitution in this case.

Dated: November 4, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Julia Jarrett*
JULIA JARRETT
Assistant United States Attorney